UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a LASSALE BUSINESS CREDIT, INC.,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CLINTON SAVINGS BANK,<br><br>　　　　Defendant | Case No. 05-CV10268-DPW |

**EXHIBIT B TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR A PRELIMINARY INJUNCTION</u>**

# EXHIBIT B

## AMENDED AND RESTATED GUARANTY

Reference is made to that certain Guaranty executed and delivered by **TRADEX CORP.** (the "Guarantor") to **CLINTON SAVINGS BANK** (the "Bank") dated July 23, 2004 (the "Guaranty").

The Guarantor and the Bank have agreed to amend and restate the Guaranty as follows:

### "GUARANTY

TO: **CLINTON SAVINGS BANK** (the "Bank")

1. <u>Guaranty of Payment and Performance of Obligations</u>: In consideration of the Bank's extending credit or otherwise in its discretion giving time, financial facilities or accommodations to **KINGSDALE CORP.**, a Massachusetts corporation (the "Customer"), the undersigned, **TRADEX CORP.**, a Massachusetts corporation (the "Guarantor"), hereby unconditionally guarantees to the Bank that (a) the Customer will duly and punctually pay or perform, at the place specified therefor, or if no place is specified, at the Bank's Head Office or at the branch of the Bank where this Guaranty is given, all indebtedness, obligations and liabilities, direct or indirect, matured or unmatured, primary or secondary, certain or contingent, of the Customer to the Bank now or hereafter owing or incurred, including, but not limited to, all automated clearing house liabilities of the Customer to the Bank, all obligations of the Customer arising from any and all overdrafts in any deposit account of the Customer maintained with the Bank, arising, <u>inter alia</u>, from the issuance of checks against uncollected funds (including without limitation costs and expenses incurred by the Bank in attempting to collect or enforce any of the foregoing) to the date of payment hereunder (collectively the "Obligations" and individually an "Obligation"); and (b) if there is an agreement evidencing or executed and delivered in connection with any Obligation, the Customer will perform in all other respects strictly in accordance with the terms thereof. This Guaranty is an absolute, unconditional and continuing guaranty of the full and punctual payment and performance by the Customer of the Obligations and not of their collectibility only and is in no way conditioned upon any requirement that the Bank first attempt to collect any of the Obligations from the Customer or resort to any security or other means of obtaining payment of any of the Obligations which the Bank now has or may acquire after the date hereof, or upon any other contingency whatsoever. Upon any default by the Customer in the full and punctual payment and performance of the Obligations, the liabilities and obligations of the Guarantor hereunder shall, at the option of the Bank, become forthwith due and payable to the Bank without demand or notice of any nature, all of which are expressly waived by the Guarantor. Payments by the Guarantor hereunder may be required by the Bank on any number of occasions.

2. <u>Guarantor's Further Agreement to Pay</u>: The Guarantor further agrees, as the principal obligor and not as a guarantor only, to pay to the Bank forthwith upon demand, in funds immediately available to the Bank, all costs and expenses (including court costs and reasonable legal expenses) incurred or expended by the Bank in connection with this

-1-

Guaranty and the enforcement hereof (the "Expenses") together with interest on the Expenses from the time such Expenses are incurred until payment at a per annum rate of interest of ten percent (10%).

3. <u>Unlimited Liability of Guarantor</u>. The liability of the Guarantor hereunder shall be unlimited.

4. <u>Action by Bank Against Guarantor and Real Estate</u>: Notwithstanding anything to the contrary contained in this Guaranty and except as otherwise provided herein, prior to instituting any action against the Guarantor which seeks to enforce Guarantor's liability hereunder, or a foreclosure action under the Mortgage granted by the Guarantor to secure its obligations under this Guaranty recorded with the Worcester Northern District Registry of Deeds in Book 5355, Page 345, the Bank shall have liquidated substantially all of the Inventory (as hereinafter defined) and substantially all of the other collateral granted to the Bank by the Borrower and other guarantors of the Obligations (other than the mortgage granted by Frank Miller to secure his obligations under his Guaranty), provided, however, (a) that from and after the date hereof, the Guarantor shall not have transferred any of the Guarantor's assets (now or hereafter owned) in whole or in part to any other person or entity for consideration of less than fair market value; (b) there shall be no legal impediment to the Bank exercising all of its rights against any such collateral, including, but not limited to, the imposition of any automatic stay as a result of any proceedings under the Federal Bankruptcy Code or any state insolvency law affecting the Borrower or any guarantor; and (c) the Bank shall not be the subject of any action instituted against it seeking that it marshal the assets of the Borrower and the Guarantor for the benefit of any creditor of the Borrower. If any of the events set forth in (a), (b) or (c) occur, the Bank may immediate proceed to take any and all appropriate action to enforce this Guaranty and to ex and to exercise its rights with respect to any and all collateral security this Guaranty. Notwithstanding the foregoing, the Bank may, upon any default by Customer in the full and punctual payment and performance of the Obligations, immediately proceed to exercise its rights and remedies with respect to the inventory described in a Security Agreement from the Guarantor dated July 23, 2004.

5. <u>Security; Set-off</u>: The Guarantor grants to the Bank, as security for the full and punctual payment and performance of the Guarantor's obligations hereunder, a continuing lien on and security interest in all securities or other property belonging to the Guarantor now or hereafter held by the Bank and in all deposits and other sums credited by or due from the Bank to the Guarantor or subject to withdrawal by the Guarantor; and regardless of the adequacy of any collateral or other means of obtaining repayment of the Obligations, the Bank may at any time and without notice to the Guarantor set off the whole or any portion or portions of any or all such deposits and other sums against amounts payable under this Guaranty, whether or not any other person or persons could also withdraw money therefrom.

6. <u>Bank's Freedom to Deal with Customer and Other Parties</u>: The Bank shall be at liberty, without giving notice to or obtaining the assent of the Guarantor and without

relieving the Guarantor of any liability hereunder, to deal with the Customer and with each other party who now is or after the date hereof becomes liable in any manner for any of the Obligations, in such manner as the Bank in its sole discretion deems fit, and to this end the Guarantor gives the Bank full authority in its sole discretion to do any or all of the following things: (a) extend credit, make loans and afford other financial accommodations to the Customer at such times, in such amounts and on such terms as the Bank may approve, (b) vary the terms and grant extensions or renewals to Customer or to any such other party, (c) grant time, waivers and other indulgences in respect thereto, (d) vary, exchange, release or discharge, wholly or partially, or delay in or abstain from perfecting and enforcing any security or guaranty or other means of obtaining payment of any of the Obligations which the Bank now has or acquires after the date hereof, (e) accept partial payments from the Customer or any such other party, (f) release or discharge, wholly or partially, any endorser or guarantor, and (g) compromise or make any settlement or other arrangement with the Customer or any such other party.

7. <u>Unenforceability of Obligations Against Customer; Invalidity of Security or Other Guaranties</u>: If for any reason the Customer has no legal existence or is under no legal obligation to discharge any of the Obligations undertaken or purported to be undertaken by it or on its behalf, or if any of the moneys included in the Obligations have become irrecoverable from the Customer by operation of law or for any other reason, this Guaranty shall nevertheless be binding on the Guarantor to the same extent as if the Guarantor at all times had been the principal debtor on all such Obligations. This Guaranty shall be in addition to any other guaranty or other security for the Obligations and it shall not be prejudiced or rendered unenforceable by the invalidity of any such other guaranty or security.

8. <u>Waivers by Guarantor</u>: The Guarantor waives: notice of acceptance hereof, notice of any action taken or omitted by the Bank in reliance hereon, and any requirement that the Bank be diligent or prompt in making demands hereunder, giving notice of any default by the Customer or asserting any other right of the Bank hereunder. The Guarantor also irrevocably waives, to the fullest extent permitted by law, all defenses which at any time may be available in respect of the Guarantor's obligations hereunder by virtue of any homestead exemption, statute of limitations, valuation, stay, moratorium law or other similar law now or hereafter in effect.

9. <u>No Contest with Bank</u>: So long as any Obligation remains unpaid or undischarged, the Guarantor will not, by paying any sum recoverable hereunder (whether or not demanded by the Bank) or by any means or on any other ground, claim any set-off or counterclaim against the Customer in respect of any liability of the Guarantor to the Customer or, in proceedings under the Bankruptcy Code or insolvency proceedings of any nature, prove in competition with the Bank in respect of any payment hereunder or be entitled to have the benefit of any counterclaim or proof of claim or dividend or payment by or on behalf of the Customer or the benefit of any other security for any Obligation which, now or hereafter, the Bank may hold or in which it may have any share.

10. <u>Demands and Notices</u>: Any demand or notices required or permitted hereunder shall be in writing and shall be effective when delivered in hand or mailed by registered or certified mail, return receipt requested as follows:

If to Bank:         Clinton Savings Bank
                    200 Church Street
                    Clinton, MA 01510
                    Attn: Michael D. Tenaglia, Senior Vice President

If to Guarantor:    Tradex Corp.
                    18 Nancy Court
                    Leominster, MA  01453
                    Attn: Charles N. Gitto, Jr., President

11. <u>Amendments, Waivers Etc.</u>: No provision of this Guaranty can be changed, waived, discharged or terminated except by an instrument in writing signed by the Bank and the Guarantor expressly referring to the provision of this Guaranty to which such instrument relates; and no such waiver shall extend to, affect or impair any right with respect to any Obligation which is not expressly dealt with therein. No course of dealing or delay or omission on the part of the Bank in exercising any right shall operate as a waiver thereof or otherwise be prejudicial thereto.

12. <u>Miscellaneous Provisions</u>: This Guaranty is intended to take effect as a sealed instrument to be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts and shall inure to the benefit of the Bank and its successors in title and assigns, and shall be binding on the Guarantor and the Guarantor's successors in title, assigns, and legal representatives.

IN WITNESS WHEREOF, **TRADEX CORP.**, has caused this Amended and Restated Guaranty to be duly executed, under seal, and delivered by its corporate officer, thereunto duly authorized, this 18th day of August, 2004.

                                          TRADEX CORP.

_____              By: _____
Witness                                      Charles N. Gitto, Jr., President and
                                             Treasurer"

-4-