IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT. LLC <br> f/k/a LASALLE BUSINESS CREDIT, INC. <br>                     Plaintiff <br> v. <br> CLINTON SAVINGS BANK, <br>                     Defendant | Case No. 05-CV10268-DPW |

## ANSWER OF CLINTON SAVINGS BANK

NOW COMES Clinton Savings Bank ("Defendant"), and makes the following answer to the Complaint ("Complaint") of the Plaintiff herein, LaSalle Business Credit, LLC ("Plaintiff"):

### Jurisdiction

1. Paragraph 1 of the Complaint states a legal conclusion as to which no answer is required.

### Venue

2. Paragraph 2 of the Complaint states a legal conclusion to which no answer is required; however, Defendant asserts that, because the Plaintiff not located in Massachusetts and the Defendant is located in Worcester County, this case should have been assigned to the Central Division instead of the Eastern Division, pursuant to Local Rule 40.1(D)(1)(c).

### Parties

3. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

## Other Participants in Events

5. Defendant admits that Gitto Global Corporation ("Gitto Global") is a Massachusetts corporation based in Lunenburg, Massachusetts. Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that Frank Miller is an individual who resides at 95 Kettle Hole Road, Bolton, Massachusetts, that Mr. Miller is a corporator of the Defendant, and that Mr. Miller was the chief operating officer and president of Gitto Global. Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Kingsdale Corporation ("Kingsdale") is a Massachusetts corporation, that Kingsdale opened a business checking account at the Defendant in 2001, that its principal place of business is listed as 77 Snead Drive, Mashpee, Massachusetts, and that it did business under the name "J&J Chemical Distributors". Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that Charles N. Gitto, Jr. is an individual who resides at 18 Nancy Court, Leominster, Massachusetts, and that he is an officer and owner of Tradex Corporation. Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Tradex Corporation is a Massachusetts corporation, that it owns property at 140 Leominster-Shirley Road, Lunenburg, Massachusetts, and that its principal place of business is listed as 18 Nancy Court, Leominster, Massachusetts. Defendant is without

information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 9 of the Complaint.

## General Factual Allegations

10. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 10 of the Complaint.

11. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 14 of the Complaint.

## COUNT I
## CIVIL RICO CONSPIRACY

15. Defendant repeats and restates its responses to Paragraphs 1 through 14 of the Complaint, as if the same were fully set forth herein.

16. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states legal conclusions to which no answers are required. To the extent that there are allegations in Paragraph 17 that require a response, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

18. Paragraph 18 of the Complaint states legal conclusions to which no answers are required. To the extent that there are allegations in Paragraph 18 that require a response, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

19. Paragraph 19 of the Complaint states a legal conclusion to which no answer is required. To the extent that there are allegations in Paragraph 19 that require a response, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

20. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 23 of the Complaint. In further response, based on the Plaintiff's cursory and inadequate examination of Gitto Global's accounts receivable, inventory, and banking records, on multiple occasions from July 2002 through and including September 2004 (as detailed in affidavits filed by the Plaintiff's employees in this proceeding and in related proceedings), both in connection with making its initial loans to Gitto Global and making subsequent loans to Gitto Global, the Defendant denies that the Plaintiff "reasonably" relied on any false information submitted by Gitto Global to the Plaintiff in making any such loans.

24. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendant admits that Gitto Global checks were deposited in the Kingdale business checking account between July 2002 and August 2004. Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admits that its policy during the relevant time period was to allow its commercial customers, including Kingsdale, to draw against uncollected funds, as alleged in Paragraph 31 of the Complaint.

32. Defendant admits that transactions in the Kingsdale business checking account exceeded $34 million in the time period alleged. Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 35 of the Complaint.

36. In response to Paragraph 36 of the Complaint, Defendant admits that it became concerned, at various times, about the size of the daily deposits and daily withdrawals from the Kingsdale business checking account. As to the remaining allegations in Paragraph 36, Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

37. Defendant admits that it monitored the Kingsdale business checking account at various times, and that, in monitoring said account, the Defendant noted that there were multiple transactions involving Gitto Global and Kingsdale reflected in the account activity. With respect to the remaining allegations in Paragraph 37, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

38. Defendant admits that, on several occasions, it borrowed money from the Federal Reserve in order to cover the dollar amount of the activity in the Kingsdale business checking account, as well as to cover Defendant's other banking operations involving other customers.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion to which no answer is required.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that it permitted Kingsdale and other commercial customers to draw against uncollected funds, pursuant to its general commercial customer policy in place during the relevant times herein. With respect to the remaining allegations in Paragraph 43 of the Complaint, the Defendant is without information or knowledge sufficient to form a belief as the

truth of said allegations.

44. Defendant admits that it entered in to a $8.4 million credit note and related agreements with Kingsdale, which note and agreements speak for themselves. The Defendant also admits that Kingsdale and the Defendant subsequently amended the terms of said note and agreements, which revised documents speak for themselves. With respect to the remaining allegations of Paragraph 44, the Defendant denies such allegations.

45. Defendant admits that, as part of its transactions with Kingsdale, it obtained from Tradex a limited non-recourse guarantee of Kingsdale's obligations to the Defendant, a mortgage on Tradex's real estate to secure said guarantee, and a security interest in certain Tradex inventory to secure said guarantee. Defendant also admits that, in August 2004, Tradex amended its limited guarantee to convert it to an unlimited guarantee, Charles Gitto gave the Defendant an unlimited guarantee of Kingsdale's obligations to the Defendant, and Frank Miller, with his wife, granted to Defendant a third mortgage on their residence to secure Frank Miller's unlimited guarantee to Defendant of Kingsdale's obligations to Defendant. With respect to the remaining allegations of Paragraph 45, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 47 of the Complaint.

48. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 48 of the Complaint.

49. Defendant admits the allegations in Paragraph 49 of the Complaint.

50. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

## COUNT II
## AIDING AND ABETTING FRAUD

52.     Defendant repeats and restates its responses to Paragraphs 1 through 41, and Paragraph 43 of the Complaint, as if the same were fully set forth herein.

53.     Defendant admits that it entered in to a $8.4 million credit note and related agreements with Kingsdale, which note and agreements speak for themselves. The Defendant also admits that Kingsdale and the Defendant subsequently amended the terms of said note and agreements, which revised documents speak for themselves. With respect to the remaining allegations of Paragraph 53, the Defendant denies such allegations.

54.     Defendant admits that, as part of its transactions with Kingsdale, it obtained from Tradex a limited non-recourse guarantee of Kingsdale's obligations to the Defendant, a mortgage on Tradex's real estate to secure said guarantee, and a security interest in certain Tradex inventory to secure said guarantee. Defendant also admits that, in August 2004, Tradex amended its limited guarantee to convert it to an unlimited guarantee, Charles Gitto gave the Defendant an unlimited guarantee of Kingsdale's obligations to the Defendant, and Frank Miller, with his wife, granted to Defendant a third mortgage on their residence to secure Frank Miller's unlimited guarantee to Defendant of Kingsdale's obligations to Defendant. With respect to the remaining allegations of Paragraph 54, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint that: (a) the Defendant knew that the Kingsdale business checking account was being used for a "check kite

scheme"; and (b) that Defendant allowed the Kingsdale business checking account to be used for a "check kite scheme." With respect to the remaining allegations of Paragraph 57, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

58. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 58 of the Complaint.

59. Defendant admits the allegations in Paragraph 59 of the Complaint.

60. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

## COUNT III
## FRAUDULENT TRANSFER

62. Defendant repeats and restates its responses to Paragraphs 1 through 61 of the Complaint, as if the same were fully set forth herein.

63. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendant admits that Tradex Corporation provided Defendant with a mortgage on its real estate. Defendant denies that said mortgage secured a revolving loan. Defendant is without information or knowledge sufficient to form a belief as the truth of the remaining allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states a legal conclusion to which no answer is required. To the extent that there are allegations in Paragraph 65 that require a response, the Defendant is without information or knowledge sufficient to form a belief as the truth of said allegations.

66. Defendant is without information or knowledge sufficient to form a belief as the

truth of the allegations in Paragraph 66 of the Complaint.

67. Defendant admits that the Plaintiff recorded an attachment on Tradex's real estate.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant is without information or knowledge sufficient to form a belief as the truth of the allegations in Paragraph 69 of the Complaint.

70. Defendant admits the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 71 of the Complaint.

## COUNT IV
## EQUITABLE SUBORDINATION

72. Defendant repeats and restates its responses to Paragraphs 1 through 71 of the Complaint, as if the same were fully set forth herein.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

## COUNT V
## BREACH OF ASSUMED DUTY

77. Defendant repeats and restates its responses to Paragraphs 1 through 76 of the Complaint, as if the same were fully set forth herein.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff has failed to state a claim against Defendant upon which relief may be granted in Counts I, II, IV, and V of the Complaint, and said Counts should be dismissed, with prejudice.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff is estopped by its own actions and conduct from recovering against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

The Defendant's actions, statements and other circumstances fail to evidence any intent to harm the Plaintiff or any intent to assist other persons to harm Plaintiff, and Counts I, II and IV must be dismissed, with prejudice.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to allege, and cannot prove, the Defendant committed any overt, predicate act with intent to harm Plaintiff, as required by 18 U.S.C. §1961(d), and therefore Count I must be dismissed, with prejudice.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff's own negligence in monitoring its collateral and in making the initial advances and subsequent advances to Gitto Global Corp. based upon unverified information from Gitto Global Corp. regarding the Plaintiff's collateral, is the proximate cause of the Plaintiff's losses and/or injuries, rather than the Defendant's alleged actions in the Complaint, and consequently Counts I, II and V of the Complaint must be dismissed, with prejudice.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant's actions alleged in the Complaint were not the proximate cause of the

Plaintiff's losses and/or injury, and consequently Counts I, II and V of the Complaint must be dismissed, with prejudice.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant owed no legal duty to the Plaintiff, and consequently Count V of the Complaint must be dismissed, with prejudice.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's actions were consistent with safe and sound banking practices, were in good faith, and were consistent with any duties it owed to its customers and/or depositers, and consequently Count V of the Complaint must be dismissed, with prejudice.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's own negligence in monitoring its collateral and in making the initial advances and subsequent advances to Gitto Global Corp. based upon unverified information from Gitto Global Corp. regarding the Plaintiff's collateral, caused damages and injury to Plaintiff that equals or exceeds any damages that Plaintiff may claim against Defendant on account of Defendant's alleged breach of duty, and consequently Plaintiff should have no recovery against Defendant based upon Count V of the Complaint.

### TENTH AFFIRMATIVE DEFENSE

The Defendant had no knowledge of, nor any conscious, intentional participation in, any scheme by any person to defraud Plaintiff, and consequently Counts I and II of the Complaint must be dismissed, with prejudice.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's prosecution of Counts III and IV of the Complaint have been automatically stayed, pursuant to 11 U.S.C. §362(a), as a result of Tradex Corporation's filing of a Chapter 11 bankruptcy petition on February 16, 2005 in the United States Bankruptcy Court,

D. Mass, Case No. 05-40748-JBR, and therefore Plaintiff is prohibited from pursuing said counts against Defendant.

### TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to prosecute Counts III & IV of the Complaint, as a result of Tradex Corporation's filing of a Chapter 11 bankruptcy petition on February 16, 2005 in the United States Bankruptcy Court, D. Mass, Case No. 05-40748-JBR, and therefore Counts III and IV should be dismissed.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff cannot demonstrate that it is or will be a "creditor" of Tradex Corporation, and consequently Count III of the Complaint must be dismissed, with prejudice.

### FOURTEENTH AFFIRMATIVE DEFENSE

Tradex Corporation received fair and adequate consideration in exchange for Tradex Corporation's guaranty and mortgage on its real estate provided to Defendant, and consequently Count III of the Complaint must be dismissed, with prejudice. .

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate that, at the time Tradex Corporation granted a mortgage to Defendant, it intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due. Consequently, Count III of the Complaint should be dismissed, with prejudice.

WHEREFORE, Defendant requests that the Court:

1. Enter judgment for Defendant, denying all recovery to Plaintiff and dismissing this adversary proceeding, with prejudice; and

A. Grant such and other relief as the Court may deem just and proper.

**THE DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                                                         CLINTON SAVINGS BANK,
By its attorneys,

                                                          /s/ Kevin C. McGee
                                                    J. Robert Seder (BBO #450260)
                                                    Kevin C. McGee (BBO #548923)
                                                    SEDER & CHANDLER
                                                    339 Main Street
                                                    Worcester, MA  01608
Dated: April 29, 2005                        (508) 757-7721

**CERTIFICATE OF SERVICE**

    I, Kevin C. McGee, hereby certify that, on April 29, 2005, I served a true copy of the foregoing Answer by mailing a copy of the same by first class mail, postage prepaid to the parties listed below.

                                                          /s/ Kevin C. McGee
                                                      Kevin C. McGee

Christopher J. Panos, Esq.
Patrick W. Manzo, Esq.
Craig and Macauley Professional Corp.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Eric S. Rein, Esq.
John L. Conlon, Esq.
Bethany N. Schols, Esq.
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601