IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a<br>LASALLE BUSINESS CREDIT, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>CLINTON SAVINGS BANK,<br><br>      Defendant. | )<br>)<br>)<br>)   Case No. 05-CV-10268-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

Pursuant to the Court's order that the parties submit status reports at 45-day intervals, the undersigned parties have conferred and state as follows:

CURRENT CASE STATUS

1.      The parties continue to execute the case scheduling plan approved by the court.

2.      On September 8, 2005, the Bankruptcy Court entered an order approving the sale to a third party of certain property (the "Property") pledged to Clinton Savings Bank ("Clinton") by Tradex Corporation ("Tradex"), in which the Bankruptcy Court provides that Clinton's and LaSalle's respective liens will attach to the proceeds of said sale in the order of their respective priority, and such proceeds will be held by Tradex's Chapter 11 trustee until further order of the Bankruptcy Court. A true and correct copy of the Bankruptcy Court's Order is attached to this status report. The sale has not yet been consummated, and, pursuant to the Bankruptcy Court's Order, has a closing date of on or before October 31, 2005.

- 2 -

Dated:  September 12, 2005                                      Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC                CLINTON SAVINGS BANK


By: /s/ Patrick W. Manzo                                 By: /s/ Kevin C. McGee
        One of Its Attorneys                                          One of Its Attorneys

Christopher J. Panos (BBO# 555273)           Kevin C. McGee (BBO# 548923)
Patrick W. Manzo (BBO# 651891)                J. Robert Seder (BBO# 450260)
Craig and Macauley Professional Corporation   Seder & Chandler
Federal Reserve Plaza                                      339 Main Street
600 Atlantic Avenue                                         Worcester, MA 01608
Boston, MA  02210                                           (508) 757-7721
Phone: (617) 367-9500
Fax:    (617) 742-1788

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: | Chapter 11 |
| TRADEX CORP., | Case No. 05-40748-JBR |
| Debtor. | |

**ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE
BANKRUPTCY CODE AUTHORIZING THE CHAPTER 11 TRUSTEE'S SALE OF
IMPROVED PARCEL OF REAL PROPERTY KNOWN AS
140 LEOMINSTER-SHIRLEY ROAD, LUNENBURG MASSACHUSETTS
<u>FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS</u>**

M. Ellen Carpenter, as she is the Chapter 11 Trustee ("*Trustee*") of Tradex Corp. ("*Tradex*" or "*Debtor*") having filed the *Chapter 11 Trustee's Motion For Order Authorizing Private Sale Pursuant To Section 363 Of The Bankruptcy Code Of An Improved Parcel Of Real Property Known As 140 Leominster-Shirley Road, Lunenburg Massachusetts*, (the "*Sale Motion*") as contemplated under that certain Purchase and Sale Agreement ("*P&S Agreement*") attached as an exhibit to the Sale Motion and dated July 7, 2005, by and between the Trustee and Richard S. Cohen or his nominee (the "*R. Cohen*"); seeking entry of an order pursuant to Sections 363 of title 11 of the United States Code, 11 U.S.C. §101 <u>et</u> <u>seq</u>. (the "Bankruptcy Code") authorizing the sale of an improved parcel of real property of approximately 6.96 acres of land known as 140 Leominster-Shirley Road, Lunenburg, Massachusetts ("*Property*") free and clear of all liens, claims, encumbrances, and interests; and subject to the assumption and assignment of that certain Agreement of Lease ("*Assumed Lease*") relating to the Property dated September 18, 1992, as amended, attached as an exhibit to the Sale Motion presently in force between the Debtor and S&E Specialty Polymers, LLC, which is the subject of the Trustee's Motion for Authority to Assume and Assign the Lease for the Property (the "*Lease Motion*"); and upon the order of this Court dated August 8, 2005, approving the Trustee's Motion to

Approve Biding Procedures and Breakup Fee (the "*Bidding Procedures Motion*") and the bidding procedures in connection with the sale of the Property and notice of the hearing with respect to such sale; and a limited objection having been filed by Tennessee Gas Pipeline Company ("*Limited Objection*"); and a hearing having been held on September 8, 2005 in connection with the Sale Motion (the "*Sale Hearing*") and all parties in interest having been heard or having had the opportunity to be heard, regarding the sale of the Property, including, without limitation, the assumption and assignment of the Lease; and the Court having considered (i) the Sale Motion, (ii) the Limited Objection, and (iii) the arguments of counsel made and evidence proffered or adduced in support of approval of the sale of the Property at the Sale Hearing; and it appearing that due and sufficient notice of the Sale Motion and the relief granted by this Order have been provided; and this Court being satisfied that the relief requested in the Sale Motion is in the best interests of the Debtor, its creditors and its estate; and the Limited Objection having been overruled or withdrawn; and this Court having considered all of the pleadings, memoranda, evidence and the entire record submitted in connection with the Sale Motion and the Lease Motion; and after due deliberation and good cause appearing therefore; it is hereby

FOUND, that the Court has jurisdiction to grant the relief requested in the Sale Motion and the Lease Motion pursuant to 28 U.S.C. §§157 and 1334, and the Sale Motion and the Lease Motion constitute a core proceeding within the meaning of 28 U.S.C. § 157(b); and it is further

FOUND, that the Trustee has properly exercised her reasonable business judgment in determining to sell the Property comprising substantially all of the Debtor's assets and in assuming and assigning a certain unexpired lease; and it is further

FOUND, that R. Cohen submitted the highest offer in the amount of $3,000,000.00; and it is further

FOUND, that due and adequate notice was provided of the Sale Motion and the right of third parties to attend the auction and submit counteroffers thereon, and the right of the counterparty to the Assumed Lease to file an objection, all in accordance with §102(1) of the Bankruptcy Code and Fed R.Bankr. P. 2002, 6004 and 6006 and that no other or further notice is required; and it is further

FOUND, that the approval of the Sale Motion and the P&S Agreement attached as Exhibit B to the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest in that:

(a) The P&S Agreement was negotiated, proposed and entered into in good faith, from arms-length bargaining positions by the Trustee and R. Cohen;

(b) The Trustee was free to deal with any other party interested in acquiring the Property to be sold or the unexpired lease to be assumed and assigned pursuant to the P&S Agreement (collectively, the "*Acquired Assets*");

(c) The bidding procedures approved in connection with the sale of the Acquired Assets enabled the Trustee to solicit higher and better offers for the Acquired Assets, and provided for adequate notice and an opportunity to be heard in connection with the sale of the Acquired Assets;

(d) R. Cohen is a third-party purchaser unrelated to the Trustee or the Debtor, its officers, directors or equity shareholders and is not a continuation of the Debtor's corporation; and

(e)     The purchase price is a fair and reasonably equivalent value for the purchase of the Acquired Assets; and it is further

FOUND, that the Assumed Lease is not in default, and it is further

FOUND, that the Trustee and the Buyer have demonstrated adequate assurance of future performance within the meaning of Sections 365(b)(c) and (f) of the Bankruptcy Code with respect to the Assumed Lease and the Trustee has satisfied the requirements under section 365(b)(1)(A) and (B) of the Bankruptcy Code; and it is further

FOUND, that all parties which assert liens, mortgages, leases or other rights or claims of right to use or occupy, encumbrances, security interests, claims, charges, other legal or equitable encumbrances and any other matters affecting title, or interests have consented to the sale in accordance with 11 U.S.C. §363(f)(2)-(5); and it is further

FOUND, that all other findings made by the Court during the Sale Hearing are incorporated herein by reference.

For all of the foregoing and after due deliberation, the Court now **ORDERS, ADJUDGES, AND DECREES THAT:**

1.     The Sale Motion is granted and approved, and the Limited Objection thereto is overruled or withdrawn.

2.     The Property is sold subject to all existing easements of record including, but not limited to, the easement of the Tennessee Gas Pipeline Company (the "Easements").

3.     The Trustee is hereby authorized to sell the Acquired Assets to the Buyer on the terms of, and in accordance with, the P&S Agreement, to execute any and all additional conveyances, assignments, agreements, instruments, amendments, schedules and other

documents, and to do all other things and take all further actions as may be necessary or appropriate for the purpose of performing its obligations under the P&S Agreement.

4. The Acquired Assets shall be sold, and in the case of Assumed Lease, assumed and assigned to the Buyer, pursuant to Sections 363 and 365 of the Bankruptcy Code, free and clear of all liens, claims and encumbrances (except with regard to Easements) and all such liens, claims and encumbrances are hereby released, terminated and discharged with respect to the Acquired Assets and shall attach to the consideration paid by the Buyer pursuant to the P&S Agreement (the "*Sale Proceeds*") with the same validity, priority, force and effect that they now have as against the Acquired Assets.

5. The Lease Motion is hereby approved, and effective immediately upon the closing of the sale to the Buyer of the Acquired Assets, the Trustee shall be deemed to have assumed the terms of the Assumed Lease and shall be deemed to have assigned the Assumed Lease to Buyer, making Buyer subject to all of the Assumed Lease's terms and conditions.

6. The sale of the Property to Buyer under the Purchase and Sale Agreement will constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law.

7. The Buyer is hereby granted the protections provided to a good-faith purchaser under section 363(m) of the Bankruptcy Code.

8. The Sale Proceeds shall be held in escrow by the Trustee pending further Order of this Court.

9. The reasonable and necessary administrative costs of sale of the Property, including the broker's commission, any break up fee, and the compensation and expenses for the

Trustee and her Counsel, will be deducted from the Sale Proceeds, subject to this Court's approval and prior to the payment of any established liens.

10. The liens, claims and encumbrances on the Property, to the extent valid and enforceable as determined by the Court will be paid in their respective order of priority.

11. The closing of such sale shall occur on or before October 31, 2005.

12. All persons, landlords, utilities and corporations are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer all of the Debtor's right, title and interest in the Acquired Assets to the Buyer as contemplated by the P&S Agreement.

13. That the P&S Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material or is to reflect the terms and provisions of this Order.

14. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Motion.

15. The provisions of Fed. R. Bankr. P. 6004(g) and 6006(d) staying the effectiveness of this Order for 10 days are hereby waived, and this Order shall be effective immediately upon entry thereof.

16. This Court shall retain jurisdiction (i) to interpret, enforce and implement the terms and provisions of the P&S Agreement, all amendments thereto, and any waivers and consents thereunder, and (ii) to resolve any disputes arising under, or related to, the P&S Agreement.

17. This Order shall inure to the benefit of and shall be binding upon the Trustee, the Buyer and their respective successors and assigns.

Dated this 5th day of September, 2005.

Joel B. Rosenthal
United States Bankruptcy Judge