**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,        )<br>                                                                )<br>                           Plaintiff,               )<br>                                                                )<br>         v.                                                  )<br>                                                                )<br>CLINTON SAVINGS BANK,                  )<br>                                                                )<br>                           Defendant.           ) | Case No. 05-CV-10268-DPW |

**JOINT MOTION TO EXTEND DISCOVERY PERIOD AND FOR A CONFIRMATORY ORDER REGARDING PARALLEL DISCOVERY WITH RELATED CASE**

NOW COME the undersigned parties, and jointly request that the Court extend the time in which they must complete discovery for a period of sixty (60) days, to December 1, 2005, and extend the other deadlines set forth in the scheduling order herein by a corresponding period. The parties also request a confirmatory order regarding defendant's counsel's right to appear and ask questions at depositions taken in a related case, *LaSalle Business Credit v. Gary Gitto, et al.*, Civil Action No. 04-12227-DPW (the "Gitto Action"). In support of this Motion, the parties respectfully state as follows:

1. On April 25, 2005, this Court entered a scheduling order in the above-captioned case (the "Scheduling Order"). Pursuant to the Scheduling Order, the parties are required to complete all discovery by October 1, 2005, unless such period is shortened or expanded by order of this Court. In addition, the following dates apply under the Scheduling Order: November 1, 2005, for designation of experts by the plaintiff, LaSalle Business Credit, LLC ("Plaintiff"); December 1, 2005, for designation of experts by the defendant, Clinton Savings Bank ("Defendant"); January 15, 2006, for the completion of expert depositions; February 1, 2006, for the filing of summary judgment motions; and March 16, 2006 for a further scheduling

conference.

2.     On or around the same date, this Court entered a scheduling order in the Gitto Action, setting forth a deadline for discovery in such case of April 1, 2006, with corresponding periods for other actions in the Gitto Action based on such date. At the scheduling conferences to determine schedules in this case and in the Gitto Action, this Court also stated, from the bench, that Defendant's counsel should appear at the deposition of any witness in the Gitto Action whose testimony might be used in this case, and ask questions of such witness. The Court made clear that deposition testimony in the Gitto Action would be available for use in this case, to the extent permitted by evidentiary rules.

3.     The parties request that the Court enter a further scheduling order extending the deadline for discovery for approximately sixty (60) days, to December 1, 2005, and extend the other dates set forth in the Scheduling Order by a similar period. In support of this request, the parties present the following reasons and anticipated discovery:

    a. the Court linking of the discovery in this case to the discovery in the Gitto Action, raises the real possibility that future depositions in the Gitto Action, after the discovery deadline in this case, could be applicable in this case and could raise future discoverable issues in this case;

    b. the parties learned, on or about September 26, 2005, that one of the defendants in the Gitto Action is willing to waive his Fifth Amendment privilege for purposes of being deposed in the Gitto Action and/or this case;

    c. in order to depose this individual over two days, as anticipated, counsel for

       the Plaintiff needs to coordinate several attorneys' schedules (including attorneys involved in the Gitto Action), and requires additional time to do so; and

   d.  based upon statements made in depositions taken on September 13 and 14, 2005, the parties anticipate a need to depose an FDIC examiner who visited the Defendant's premises in June 2004, and need to request permission of the FDIC regional counsel, pursuant to 12 C.F.R. §309.6(b)(8), in order to depose such examiner. The Defendant, who intends to make such request, requires additional time to gain such authorization (if such authorization is forthcoming).

   e.  The parties also intend to take several additional depositions, because of documents produced and testimony at depositions already taken. Defendant also intends to take a deposition of Kevin Copenspire, an employee of the Plaintiff; Plaintiff is contemplating the deposition of one or more of the Defendant's directors. The parties would prefer to group deposition dates together, in Massachusetts, so that Chicago counsel for Plaintiff may attend any depositions in this case, and additional time is needed to coordinate these depositions with the contemplated deposition of the FDIC examiner.

   4.     In addition, in order to avoid future confusion, the parties also request that the Court enter an order, in this case and the Gitto Action, confirming Defendant's counsel's ability to appear and ask questions of any witness deposed in connection with the Gitto Action, and the extent to which any depositions taken in the Gitto Action may be used in this case.

WHEREFORE, the parties request that the Court:

A. Enter a further scheduling order, amending the present Scheduling Order to extend the deadline for completing discovery in this case to December 1, 2005, and extending the other deadlines set forth in the Scheduling Order by corresponding periods;

B. Enter an order, in this case and in the Gitto Action, confirming the Defendant's counsel's ability to appear and ask questions of any witness deposed in connection with the Gitto Action, and stating the extent to which any depositions taken in the Gitto Action may be used in this case; and

C. Grant such other relief as the Court deems just and proper.

Dated: September 29, 2005                                                  Respectfully submitted,

| LASALLE BUSINESS CREDIT, LLC | CLINTON SAVINGS BANK |
|---|---|
| By: /s/ Patrick W. Manzo<br>One of Its Attorneys | By: /s/ Kevin C. McGee<br>One of Its Attorneys |
| Christopher J. Panos (BBO# 555273)<br>Patrick W. Manzo (BBO# 651891)<br>Craig and Macauley Professional Corporation<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>Phone: (617) 367-9500<br>Fax:   (617) 742-1788 | Kevin C. McGee (BBO# 548923)<br>J. Robert Seder (BBO# 450260)<br>Seder & Chandler<br>339 Main Street<br>Worcester, MA 01608<br>(508) 757-7721 |